**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        :
          :       ID No. 1801004954
          :
       v.         :
          :
          :
RUSSEL R. THOMAS,       :
          :
          :
       Defendant.     :

Submitted: September 15, 2022
Decided: November 14, 2022

## ORDER

*Defendant's Motion to Modify Sentence –* **DENIED**

On this 14th day of November 2022, after considering Defendant Russel R. Thomas' motion for modification of sentence filed with the assistance of counsel, and the State's response in opposition, it appears that:

1. On September 17, 2018, Mr. Thomas pled guilty to Possession of a Firearm During Commission of a Felony, 11 *Del. C.* § 1447A, Tier 4 Drug Dealing, 16 *Del. C.* § 4752, and Resisting Arrest, 11 *Del. C.* § 1257.[1] The Court sentenced him to six years of incarceration, followed by six months of home confinement or work release, followed by one year of community supervision.[2] The Court included the following provision in his sentencing order:

---

[1] Sent'g. Ord., at 1, 2.
[2] *Id.*

[the] Court will entertain a review of sentence if requested by the defendant before or near to his release date. In the review, [i]f requested, the [C]ourt will review the defendant['s] prison record and documentation regarding availability of [a] residence [for him] in Texas. If defendant otherwise meets the requirements to transfer probation to another state, the Court may suspend [his] Level 4 time to Level 3 and remove TASC monitoring.[3]

2.      Mr. Thomas' good time release date is May 22, 2023. In his Superior Court Criminal Rule 35(b) motion, he asks the Court to immediately suspend the balance of his term of incarceration and place him on home confinement. He asks the Court to do so because he alleges (1) he is neither violent nor criminally minded; (2) he participated in and completed the Road to Recovery, Lifeskills, and Thresholds programs while incarcerated; (3) he has work available upon his release; and (4) he has an expected residence in Frederica, Delaware.[4]

3.      The State counters that Mr. Thomas has not shown good cause for a sentence modification.[5] Specifically, the State contends that his extensive pre-offense criminal record coupled with a new conviction for Conspiracy Second Degree demonstrates that he is not rehabilitated.[6]

4.      Generally, Superior Court Criminal Rule 35(b) prescribes the circumstances that can justify the Court's modification of a term of imprisonment. Namely, the Rule provides the Court broad discretion to reduce a prison sentence when a defendant requests the modification within ninety days of sentencing.[7] After the ninety-day period, however, the Rule permits the Court to modify the length of

---

[3] Sent'g. Ord., at 3.
[4] *Id*. at ¶¶ 4-8.
[5] State Resp. to Mot. for Modification, ¶ 11.
[6] *Id*. at ¶¶ 12, 13.
[7] Super. Ct. Crim. R. 35(b).

a defendant's incarceration only (1) in *extraordinary circumstances* or (2) pursuant to a Department of Correction application filed pursuant to 11 *Del. C.* § 4217.[8]

5.      At the outset, Mr. Thomas' motion does not meet Rule 35(b)'s time criteria because he filed it greater than ninety days after the Court sentenced him. Given the untimely filing, the question turns to whether he has identified extraordinary circumstances that excuse his untimeliness. Here, he does not because his  success in prison programs and other rehabilitative efforts do not qualify.[9] Simply put, Rule 35(b) is an improper mechanism to modify a sentence based upon rehabilitative efforts.[10]  Nor does the Rule provide the proper mechanism to modify his sentence because of his recent marriage or representation that he will have stable housing upon release. As a result, Mr. Thomas' motion under Rule 35(b) is procedurally barred because (1) it is time barred, (2) his circumstances are non-extraordinary; and (3) the Department of Correction has not filed an application under 11 *Del. C.* § 4217(b).

6.      The Court recognizes that Mr. Thomas' sentencing order permits a review of sentence, outside the ninety days, if Mr. Thomas meets certain conditions. When the Superior Court adopted Rule 35(b), it imposed a check upon its inherent authority to modify sentences. Nevertheless, apart from Rule 35(b), the Court retains the inherent power to modify sentences that impose imprisonment to ensure

---

[8] *See* 11 *Del. C.* § 4217 (recognizing that "good cause," cited in a compliant Department of Correction application includes, but is not limited to, rehabilitation of the offender).

[9] *See State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at 2* (Del. April 15, 2015) (ORDER) (defining extraordinary circumstances as things that (1) specifically justify the delay, (2) were entirely out of defendant's control, and (3) prevented defendant from seeking a timely remedy); *see also State v. Culp*, 152 A.3d 141, 146 (Del. 2016) (explaining, *inter alia*, that because 11 *Del. C.* § 4217 includes rehabilitation within its "good cause" definition, rehabilitative efforts by a defendant are not extraordinary circumstances under Rule 35(b) that could justify review of an untimely motion).

[10] *Culp*, 152 A.3d at 146.

the proper administration of justice.[11] As recognized in *State v. Remedio,*[12] a sentence modification based upon the Court's inherent authority requires the Court to reserve jurisdiction to do so in its sentencing order.[13] In this regard, the provision must meet the following criteria: (1) the future potential modification must trigger upon the occurrence of a condition or conditions; (2) it must be express; (3) it must be included in the original sentencing order or the first Rule 35(b) modification; and (4) it must be intended to accomplish the original sentencing order's primary goals.[14]

7. Here, the Court explained at the time of sentencing that it would modify Mr. Thomas' sentence only "[i]f Mr. Thomas has evidence that, one, he had a good prison record and then, two, . . . he has . . . housing available in Texas and can make the move. . . ."[15] In his sentencing order, the Court provided the following conditions necessary to trigger modification: (1) a good prison record, and (2) the availability of housing in *Texas* upon his release.[16] In addition to these triggers, the order specified that a modification could only provide Mr. Thomas relief from two terms and conditions in his sentence: home confinement and TASC monitoring.[17]

8. Mr. Thomas' motion fails because he meets none of the conditions imposed by the Court. First, his prison record does not support a modification. To the contrary, he pled guilty to Conspiracy Second Degree for conspiring to smuggle

---

[11] *State v. Sloman*, 886 A.2d 1257, 1265 (Del. 2005).

[12] *State v. Remedio*, 108 A.3d 326, 330 (Del. Super. Ct. 2014).

[13] To be clear, neither Rule 35(b) nor the constraints discussed in this Order apply to modification of sentences other than those that modify the length of a defendant's imprisonment. The Court retains broad authority to modify the terms and conditions of probation and periods of quasi-confinement. Neither the 90-day rule nor the constraints of 11 *Del.C.* § 4217 apply in those contexts.

[14] *Id.* at 330.

[15] Cert. Sent'g. Tr., at 22.

[16] Sent'g. Ord., at 3.

[17] *Id.*

drugs into prison. That conviction addressed his conduct during the very period of imprisonment that he seeks to suspend. Furthermore, Mr. Thomas has changed his intended state of residence upon release, from Texas to Delaware. Finally, his request to reduce the length of his imprisonment falls outside the scope of the type of modification that the sentencing order contemplated. Namely, it contemplated a review of only his home confinement condition and TASC monitoring – relief that would have been necessary for him to transfer his probation to Texas. It did not address a potential reduction in his Level V sentence.

**WHEREFORE**, for the reasons discussed above, Defendant Russell Thomas' motion for modification of sentence is **DENIED**.

**IT IS SO ORDERED.**

<u>/s/Jeffrey J Clark</u>
Resident Judge

oc: Prothonotary
sc: Counsel of Record